ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI-DJ 2024-062C

| | | |
|---|---|---|
| **CARMEN M. TORRES HERNÁNDEZ**<br><br>Apelada<br><br>v.<br><br>**JORGE L. SANMIGUEL SANTOS**<br><br>Apelante | TA2025AP00112 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de **Bayamón**<br><br>Caso Núm.: BY2024CV06833<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 28 de octubre de 2025.

Comparece el señor Jorge L. Sanmiguel Santos (Sr. del Sanmiguel Santos o apelante), por derecho propio, mediante un recurso de *Apelación* en el que nos solicita que revoquemos la *Sentencia* emitida el 13 de mayo de 2025 por el Tribunal de Primera Instancia (TPI), Sala Superior de Bayamón.[1] Mediante dicho dictamen, el foro primario declaró Ha Lugar la causa de acción presentada por la señora Carmen M. Torres Hernández (señora

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC) TPI, Entrada Núm. 7. Notificada y archivada en autos el 15 de mayo de 2025.

Torres Hernández o parte apelada) y, en su consecuencia, condenó al señor Sanmiguel Santos al pago de una suma de $668.00.

Por los fundamentos que expondremos a continuación, confirmamos la *Sentencia* apelada.

**I.**

El caso de marras tiene su génesis el 13 de noviembre de 2024, cuando la señora Torres Hernández instó una *Demanda sobre Cobro de Dinero*, bajo el procedimiento sumario de la Regla 60 de Procedimiento Civil, 32 LPRA Ap. V, R. 60, en contra del apelante.[2] En específico, adujo que el señor Sanmiguel Santos le adeudaba una suma líquida, vencida y exigible de $668.00 por concepto de una fianza de arrendamiento de un apartamento ubicado en Bayamón, Puerto Rico.

El 7 de febrero de 2025, el foro *a quo* celebró una vista en su fondo a la que comparecieron, por derecho propio, ambas partes, y cuya *Minuta* obra en el expediente ante nos.[3] En la referida audiencia judicial, la señora Torres Hernández precisó que el señor Sanmiguel Santos le arrendó un apartamento a través del Programa de Vivienda Municipal del Municipio de Bayamón. Añadió que, como parte del acuerdo, le pagó al apelante una fianza de $668.00 en aseguramiento del buen estado del inmueble. Asimismo, expuso que

---

[2] *Íd.*, Entrada Núm. 1.
[3] *Íd.*, Entrada Núm. 4.

le notificó al señor Sanmiguel Santos de su intención de culminar el arrendamiento antes del término convenido, a lo cual, según adujo, éste no se opuso.

Igualmente, esgrimió que entregó el apartamento y que le ha solicitado al apelante, en varias ocasiones infructuosas, la devolución del depósito. Lo anterior de conformidad con los términos contractuales acordados los cuales, según arguyó, disponen que la fianza debe devolverse siempre y cuando el inmueble no presente daños. Por último, sostuvo que el señor Sanmiguel Santos realizó la inspección final del apartamento, cuya gestión certificó con su firma.

Por su parte, el apelante ratificó lo expuesto por la apelada en cuanto a que el inmueble se encontraba en buenas condiciones. Sin embargo, planteó que tenía derecho a retener la fianza toda vez que la señora Torres Hernández incumplió con el término de un año del arrendamiento y ello le causó daños. Igualmente, expuso que la fianza era parte de un programa social del Municipio de Bayamón.

Sobre ello, la apelada informó que recibió una ayuda ofrecida por el Municipio de Bayamón a las personas que no cuentan con los recursos suficientes para prestar una fianza.

Luego de escuchar los argumentos, conforme se refleja de la *Minuta*, el TPI, en corte abierta, declaró Ha Lugar la causa de acción instada y ordenó la devolución de la fianza. No obstante, señaló una vista y ordenó la citación de un representante de finanzas del

Municipio de Bayamón, así como la notificación al referido organismo gubernamental con copia de la demanda incoada.

Así las cosas, el 28 de marzo de 2025, el foro primario celebró una vista a la cual comparecieron ambas partes y la señora Ida Maldonado, Supervisora de Prevención de Ciudad Dorada del Municipio de Bayamón (señora Maldonado), cuya *Minuta*, igualmente, obra ante nos.[4]

Allí, la señora Maldonado explicó que la fianza objeto del presente litigio proviene de unos fondos destinados a personas de bajos recursos o que sufren situaciones meritorias y enfermedades, o a quienes tienen a su cuidado niños discapacitados. En adición, expresó que le indicó a la apelada que la fianza era suya y transferible al lugar al que se mudare.

De otro lado, según se recoge de la *Minuta*, el señor Sanmiguel Santos manifestó que hay daños en la propiedad, a lo cual el foro *a quo* reiteró que emitiría un dictamen y que, de no estar conforme, debía solicitar una reconsideración por escrito.

Cónsono con lo anterior, el 13 de mayo de 2025, el foro primario dictó la *Sentencia* de la cual se apela.[5] En el referido pronunciamiento, el TPI determinó que, conforme a la cláusula número siete (7) del contrato de arrendamiento suscrito y al hecho

---

[4] SUMAC TPI, Entrada Núm. 6.
[5] *Íd.*, Entrada Núm. 7. Notificada y archivada en autos el 15 de mayo de 2025.

de que éste fue resuelto mutua y voluntariamente, correspondía la devolución de la fianza depositada. Asimismo, apuntaló que la Sra. Maldonado, representante del programa municipal que proveyó los dineros para la fianza, indicó que procedía la devolución de ésta. Consecuentemente, el foro primario declaró Ha Lugar la demanda y condenó al señor Sanmiguel Santos al pago de la suma de $668.00 más los intereses al tipo legal correspondientes.

No conteste con ello, el 27 de mayo de 2025, el apelante presentó una *Moción Informativa y Petición de Orden.*[6] A través de ésta, solicitó la recusación del Juez Superior que atendió el presente asunto ya que, según adujo, actuó con prejuicio y no le brindó la oportunidad de ofrecer explicaciones. Asimismo, solicitó la reconsideración del dictamen emitido.

Específicamente, señaló que la fianza se deposita, entre otras razones, para que el propietario del apartamento recupere la inversión realizada con el fin de acondicionar y preparar el inmueble para un nuevo alquiler y, además, para mitigar la pérdida sufrida por el tiempo que transcurra sin renta entre alquileres. Además, resaltó que la apelada decidió dar por terminado el contrato antes del término establecido, a pesar de que le apercibió que ello conllevaría la retención de la fianza depositada.

---

[6] *Íd.*, Entrada Núm. 8.

El 4 de junio de 2025, el foro primario emitió una *Resolución Interlocutoria.*[7] El TPI determinó que la solicitud de recusación presentada por el apelante era improcedente por no satisfacer los requisitos establecidos en la Regla 63.2 (A) de Procedimiento Civil, *supra.* De igual forma, declaró No Ha Lugar el petitorio de reconsideración.

Aún inconforme, el 30 de junio de 2025, el Sr. Sanmiguel Santos presentó ante nos un recurso de *Apelación* y, a pesar de que no expone específicamente alguna comisión de error por parte del TPI, expresa su inconformidad con la *Sentencia* emitida en su contra.[8] Ese mismo día, el apelante instó ante esta Curia una *Solicitud y Declaración para que se Exima de Pago de Arancel por Razón de Indigencia,*[9] la cual declaramos Ha Lugar mediante *Resolución* emitida el 22 de julio de 2025.[10]

Por su parte, el 2 de octubre de 2025, la apelada presentó un escrito en oposición a la apelación en el que reiteró los planteamientos que expuso ante el foro *a quo.*

---

[7] SUMAC TPI, Entrada Núm. 9. Notificada y archivada en autos el 9 de junio de 2025.

[8] SUMAC TA, Entrada Núm. 1.

[9] *Íd.*, Entrada Núm. 2.

[10] *Íd.*, Entrada Núm. 5. Notificada y archivada en autos el 8 de septiembre de 2025.

Siendo así, y con el beneficio de la comparecencia de ambas partes, procedemos a disponer del presente asunto, no sin antes exponer el marco jurídico aplicable.

**II.**

**A.**

La obligación "consiste en el deber de realizar una prestación. Esta es la conducta que ha de seguir el obligado para extinguir la obligación mediante el correspondiente acto de cumplimiento." J. Puig Brutau, *Compendio de Derecho Civil*, 2a ed. rev., Barcelona, Ed. Bosch, 1994, Vol. II, pág. 1. De particular interés a nuestro análisis son las obligaciones que nacen de los contratos.

Un contrato es el negocio jurídico bilateral por el cual dos o más personas consienten, en la forma prevista por ley, a crear, regular, modificar o extinguir obligaciones. Artículo 1230 de la Ley Núm. 55 de 1 de junio de 2020, según enmendada, mejor conocida como *Código Civil de Puerto Rico de 2020*, 31 LPRA sec. 9751 (Código Civil).

Asimismo, el Código Civil dispone que "[l]o acordado en los contratos **tiene fuerza de ley entre las partes**, ante sus sucesores y ante terceros en la forma que dispone la ley." Artículo 1233 del Código Civil, 31 LPRA sec. 9754 (énfasis suplido). Cónsono con ello, los contratantes pueden exigir el cumplimiento específico de las

cláusulas y condiciones pactadas. *Matos, González v. SLG Rivera-Freytes*, 181 DPR 835, 843 (2011).

De ahí que "[s]i los términos de un negocio jurídico bilateral son claros y no dejan duda sobre la intención de las partes, se estará al sentido literal de sus palabras." Artículo 354 del Código Civil, 31 LPRA sec. 6342.

**B.**

Por otro lado, la Regla 60 de Procedimiento Civil, *supra*, establece un proceso sumario de cobro de dinero. El propósito primordial de la referida regla es "agilizar y simplificar los procedimientos en acciones de reclamaciones de cuantías pequeñas, para así lograr la facilitación del acceso a los tribunales y una justicia más rápida, justa y económica en este tipo de reclamación." *Asoc. Res. Colinas Metro v. SLG*, 156 DPR 88, 97 (2002) (énfasis suprimido). Particularmente, la referida regla dispone lo siguiente:

> Cuando se presente un pleito en cobro de dinero de una suma que no exceda los quince mil (15,000) dólares, excluyendo los intereses, y no se solicite en la demanda tramitar el caso bajo el procedimiento ordinario, la parte demandante deberá presentar un proyecto de notificación-citación que será expedido inmediatamente por el Secretario o Secretaria. La parte demandante será responsable de diligenciar la notificación-citación dentro de un plazo de diez (10) días de presentada la demanda, incluyendo copia de ésta, mediante entrega personal conforme a lo dispuesto en la Regla 4 o por correo certificado.
>
> La notificación-citación indicará la fecha señalada para la vista en su fondo, que se celebrará no más tarde de

los tres (3) meses a partir de la presentación de la demanda, pero nunca antes de quince (15) días de la notificación a la parte demandada. En la notificación se advertirá a la parte demandada que en la vista deberá exponer su posición respecto a la reclamación, y que si no comparece podrá dictarse sentencia en rebeldía en su contra.

La parte demandante podrá comparecer a la vista por sí o mediante representación legal. El Tribunal entenderá en todas las cuestiones litigiosas en el acto de la vista y dictará sentencia inmediatamente. Como anejo a la demanda, el demandante podrá acompañar una declaración jurada sosteniendo los hechos contenidos en la demanda o copia de cualquier otro documento que evidencie las reclamaciones de la demanda. Si la parte demandada no comparece y el Tribunal determina que fue debidamente notificada y que le debe alguna suma a la parte demandante, será innecesaria la presentación de un testigo por parte del demandante y el Tribunal dictará sentencia conforme a lo establecido en la Regla 45. Si se demuestra al Tribunal que la parte demandada tiene alguna reclamación sustancial, o en el interés de la justicia, cualquiera de las partes tendrá derecho a solicitar que el pleito se continúe tramitando bajo el procedimiento ordinario prescrito por estas reglas o el Tribunal podrá motu proprio ordenarlo, sin que sea necesario cancelar la diferencia en aranceles que correspondan al procedimiento ordinario.

Para la tramitación de un pleito conforme al procedimiento establecido en esta Regla, la parte demandante debe conocer y proveer el nombre y la última dirección conocida de la parte demandada al momento de la presentación de la acción judicial. De lo contrario, el pleito se tramitará bajo el procedimiento ordinario.

Regla 60 de Procedimiento Civil, *supra*.

Por último, en una acción de cobro de dinero, la parte demandante tiene que probar ser la acreedora de una deuda vencida, líquida y exigible. *RMCA v. Mayol Bianchi*, 208 DPR 100,

109 (2021). Sobre ese particular, el Tribunal Supremo de Puerto Rico definió que es "líquida" aquella deuda cierta y determinada, mientras que se considera "exigible" porque puede demandarse su cumplimiento. *Íd.* Es decir, "al alegarse que la cuenta es 'líquida y exigible' se están exponiendo hechos, a saber: que el residuo de la cuantía ha sido aceptado como correcto por el deudor y que está vencido." *Íd.* (*citando a Guadalupe v. Rodríguez*, 70 DPR 958, 966 (1950)) (énfasis suprimido).

Expuesta la normativa jurídica aplicable, procedemos a disponer del asunto ante nuestra consideración.

**III.**

En el caso de autos, el apelante está inconforme con la *Sentencia* emitida por el TPI mediante la cual fue condenado a devolver la suma depositada por la apelada por concepto de la fianza del arrendamiento suscrito entre ambos. Arguye que ello procede toda vez que la señora Torres Hernández le causó daños al resolver el contrato de arrendamiento antes del término pactado.

Tras un análisis sosegado del expediente ante nuestra consideración, las posturas de ambas partes, y el derecho aplicable, colegimos que no incidió el foro primario al declarar Ha Lugar la demanda en cobro de dinero instada por la apelada y, en su consecuencia, ordenarle al apelante a devolver la fianza depositada por la primera. Nos explicamos.

Como vimos, las partes estaban sujetas a una relación jurídica regida por un contrato de arrendamiento. Como parte de dicho convenio, las partes acordaron y consintieron a la cláusula número siete (7), la cual especifica lo siguiente:

> El Arrendador solicitará al Inquilino la cantidad . . . por concepto de fianza (el equivalente a la renta mensual de la vivienda). El Arrendador le hará entrega al Inquilino de un recibo por concepto del pago de fianza. **Dicha cantidad, la mantendrá guardada el propietario hasta que se d[é] por concluido el contrato**. **Una vez ambas partes realicen la inspección final de la vivienda, y de no encontrarse algún daño, el Propietario devolverá la cantidad original al Inquilino**. De existir algún daño, el Propietario tendrá el derecho de retener la cantidad necesaria para realizar cualquier reparación. El Propietario dará al Inquilino una lista escrita y los recibos de todos los artículos cargados contra el depósito de seguridad, y la cantidad de cada artículo. Después de deducir la cantidad, si la hubiere, utilizada para reembolsar al Propietario, el Propietario reembolsará con prontitud la cantidad total del saldo no utilizado al Inquilino. Si la cantidad en daños excede la cantidad de la fianza, el Inquilino será responsable de completar el pago de la reparación.[11]

De igual forma, el señor Sanmiguel Santos cumplimentó un documento intitulado *Formulario Referencia del Arrendador* en el que certificó, en carácter de arrendador, que, entre otras cosas, la renta fue satisfecha a tiempo por la Sra. Torres Hernández, que ésta avisó con anticipación su interés de mudarse y **que mantuvo la propiedad en condiciones favorables**.[12] En ese sentido, la

---

[11] SUMAC TA, Entrada Núm. 7, Anejo *Datos y T[é]rminos de Contrato*, pág. 3 (énfasis suplido).
[12] *Véase íd.*, Anejo *Formulario Referencia del Arrendador*.

devolución de la fianza en el presente caso se ajusta íntegramente a lo convenido entre ambos a través de la cláusula número siete (7) del contrato de arrendamiento.

Nótese que una simple lectura de dicha disposición contractual refleja que el arrendador o propietario debía custodiar la fianza depositada hasta la resolución del contrato y que, de no encontrarse daños al realizar la inspección final del inmueble, debía devolver al arrendatario o inquilino el referido depósito. Únicamente por la existencia de daños en el inmueble, el arrendador podía retener la fianza depositada a los fines de utilizar dicha suma para realizar las reparaciones necesarias. De hecho, incluso en ese supuesto, el arrendador debía devolver al arrendatario la cantidad que restare, luego de realizar las restauraciones requeridas. Es decir, aun cuando el arrendatario tuviere el derecho de retener la fianza depositada, ello no implicaría que podía retener la totalidad de la suma sino exclusivamente aquella utilizada para la reparación de los daños.

En el presente caso, el apelante admitió al foro primario durante la vista en su fondo, celebrada el 7 de febrero de 2025, que inspeccionó el inmueble y éste se encontraba en buenas condiciones. Sin embargo, adujo que tenía derecho a retener la fianza porque la apelada no cumplió con el término pactado del arrendamiento. Dicho planteamiento es igualmente argüido ante

nos. Sin embargo, su interpretación no es cónsona con el texto claro del contrato acordado.

De los acuerdos pactados en el contrato no se refleja que la resolución anticipada del arrendamiento implique una renuncia del arrendatario a la devolución pactada de la fianza, como lo alude el señor Sanmiguel Santos. Lo anterior mucho menos cuando, en el presente caso, la resolución anticipada del arrendamiento fue una a la que ambas partes consintieron.[13]

Tampoco es cónsona con el texto del contrato la alusión del apelante en cuanto a que la fianza estaba dirigida a mitigar las pérdidas que pudieren sufrirse durante el periodo de tiempo en el que el inmueble no se encontrare generando rentas. Lo contrario implicaría alterar el fin de la fianza, que es, según se pactó, garantizar los gastos incurridos por daños al inmueble.

En fin, como vimos, si los términos de un contrato son claros y no dejan duda sobre la intención de los contrayentes, se atiende al sentido literal de sus palabras. Artículo 354 del Código Civil, 31 LPRA sec. 6342.

El señor Sanmiguel Santos acordó devolver la fianza si, tras realizar la inspección final, no encontraba daños en el apartamento. Ello precisamente fue lo que ocurrió en el presente caso, por lo que,

---

[13] *Véase* el Artículo 1350 del Código Civil, 31 LPRA sec. 10173 ("Las partes pueden convenir la resolución anticipada del arrendamiento.").

no habiéndole devuelto la fianza a la señora Torres Hernández, el apelante le adeudaba una suma líquida, vencida y exigible. Por consiguiente, procede confirmar el dictamen apelado.

**IV.**

Por las razones discutidas anteriormente, confirmamos la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
